UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Clarence Abney,

PLAINTIFF

v.

Correctional Officer Kull and John and
Jane Does,

DEFENDANTS

Case No. 1:23-cv-00693-TLW

**ORDER**

Clarence Abney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff's complaint was referred to the Honorable Shiva V. Hodges, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). On August 29, 2023, the Magistrate Judge issued a report and recommendation ("Report") recommending that the Court summarily dismiss this action without prejudice and without leave to amend. ECF No. 33. Plaintiff has not filed objections to the Report, and the deadline for doing so expired on September 12, 2023. Accordingly, this matter is ripe for review, adjudication, and disposition.

PROCEDURAL BACKGROUND

On February 21, 2023, Plaintiff filed a complaint against the Aiken County Detention Center ("ACDC") and Correctional Officer Kull ECF No. 1. In that complaint, Plaintiff asserted that Officer Kull and ACDC violated his constitutional rights. *Id.* Plaintiff's complaint was referred to the Magistrate Judge for review pursuant to 28 U.S.C. § 36b(b)(1)(B). After Plaintiff filed his complaint, the

Magistrate Judge issued a proper form order and order and notice, informing Plaintiff of specific steps necessary to bringing his action into proper form, which would allow his complaint to be served on the named Defendants. ECFs No. 9 & 10.

On April 20, 2023, Plaintiff filed an amended complaint adding two additional ACDC employees, Captain Gallum and Nurse Sue Ledbetter, as defendants. ECF No. 12. His amended complaint, however, only alleged the following facts: "Officer Kull dropped cake placed back on tray I became sick; Nurse Ledbetter failed to see me until I was ill; Capt. Gallum allowed full restraints while in shower." *Id.* at 4. Thereafter, the Magistrate Judge issued a report and recommendation recommending that the amended complaint be summarily dismissed for failure to state a claim. ECF No. 15.

In response to the Report, Plaintiff filed a motion to appoint counsel, ECF No. 17, a motion to amend his complaint, ECF No. 19, and objections to the report and recommendation, ECF No. 20. In his objections, Plaintiff stated that he sought to file another amended complaint but was unable to do so. ECF No. 20 at 1. Plaintiff requested that this Court allow him leave to amend his complaint, asserting that "summary dismissal is not appropriate at this time and requests that magistrate Hodges be allowed to review the lately filed amended complaint de novo and make further determination based upon that document set." *Id.* at 2.

In response to Plaintiff's objections, this Court recommitted this matter to the magistrate judge for consideration of Plaintiff's motion to appoint counsel and motion to amend his complaint. ECF No. 27. The magistrate judge denied Plaintiff's

motion to appoint counsel and granted Plaintiff's motion to amend. ECF Nos. 29, 32
& 33. Thereafter, Plaintiff filed a second amended complaint. ECF No. 30.

Plaintiff's amended complaint asserts claims against ACDC employees
Officer Kull and "unknown Jane/ John Does." *Id.* Plaintiff identifies his claim
against Deputy Kull as "claim # 1" and "claim # 3" and his claims against the Doe
Defendants as "claim #2." *Id.* The magistrate judge reviewed Plaintiff's second
amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and filed the
present Report recommending this matter be summarily dismissed. ECF No. 33. As
noted above, Plaintiff has not filed objections to the Report, and the deadline for
doing so expired on September 12, 2023.

## THE REPORT

Plaintiff's first claim asserts that Officer Kull "dropped my cake on the floor
of the jail, put it back on my food tray, and gave it to me without warning." ECF No.
30 at 2. Plaintiff states he then ate the cake because he was hungry. *Id.* He asserts
this action violated state food regulations and his Fourteenth Amendment rights.
*Id.* at 3. Similarly, Plaintiff's third claim asserts that Officer Kull "took a cinnamon
roll off a breakfast tray, brought it near my door and put it on the floor . . . he then
offered to give me the cinnamon roll if I would drop my lawsuit against him." *Id.* at
4. Plaintiff alleges that this alleged conduct violated his constitutional rights. *Id.*

It is appropriate to note that Plaintiff states, "Kull dropped my cake on the
floor of the jail [and] put it back on my food tray and gave it to me without warning.
I ate it because I was extremely hungry." ECF No. 30 at 2. There is an indication

from these facts that Plaintiff ate the cake because he was hungry, even though it had been on the floor—suggesting that Plaintiff ate cake that he knew had been on the floor because he was hungry. No evidence is offered that indicates he was forced to eat the cake by Officer Kull. The alleged facts simply do not support an actionable claim.

Taking Plaintiff's first and third claims together, the Magistrate Judge concludes that they are subject to summary dismissal. ECF No. 33 at 4. Specifically, she finds that Plaintiff's "claims that Kull twice served him items that had been on the floor are insufficient to show a constitutional violation because "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 4–5 (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).

Plaintiff's second claim asserts that he fell while in restraints in the prison shower and that "the Defendants (Does) would not take me to the hospital." ECF No. 30 at 3. The Magistrate Judge recommends that the Court summarily dismiss this claim, noting that "[a]lthough the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." ECF No. 33 at 5 (collecting cases). Moreover, the Report notes that, "[a]lthough the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary" and that "a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation." *Id.* (collecting cases). Thus, "although

Plaintiff may disagree with his course of treatment while at ACDC, such allegations do not constitute a constitutional deprivation." *Id.*

In his complaint, Plaintiff alleges injury to his "leg, possibly tearing his ligament." ECF No. 30 at 3. He states that "the Defendants (Does) would not take me to the hospital." *Id.* He does acknowledge that he was "seen about the injury . . . weeks later." *Id.* Plaintiff provides no allegation that his later medical evaluation found he did suffer injury. The allegations in his complaint are not sufficient to establish an actionable claim.

Accordingly, the Magistrate Judge concludes that Plaintiff's second amended complaint fails to state a claim for relief under § 1983. *Id.* She recommends that this Court dismiss this action without leave to amend, since Plaintiff has previously been provided multiple opportunities to amend his complaint. *Id.*

## ANALYSIS

As noted, Plaintiff has not filed any objections to the Report. The Court is charged with a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has carefully reviewed the Report and other relevant filings. For the reasons stated by the Magistrate Judge, the Report, ECF No. 33, is **ACCEPTED**. This matter is **DISMISSED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

s/Terry L. Wooten
Senior United States District Judge

September 29, 2023
Columbia, South Carolina